IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02434-WDM-MJW

RONALD ROY,

Plaintiff,

v.

TIM CONLEY,

Defendant.

---

### RECOMMENDATION TO DISMISS ACTION
### FOR FAILURE TO APPEAR, FAILURE TO PROSECUTE, AND
### FAILURE TO COMPLY WITH COURT ORDERS

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Walker D. Miller on December 8, 2006.  (Docket No. 4).

Pursuant to an Order Setting Scheduling/Planning Conference filed on December 11, 2006 (Docket No. 5), this court set a Rule 16 Scheduling/Planning Conference for February 9, 2007, at 9:00 a.m.  That Order also required counsel and pro se parties in this case to hold a pre-scheduling conference meeting and to prepare a proposed Scheduling Order, which was to be provided to my chambers no later than five days prior to the Rule 16 Conference.  In addition, the parties were to comply with the mandatory disclosure requirements.  They were also directed to submit a brief Confidential Settlement Statement.

2

The pro se plaintiff obviously received that Order, and thus had notice of its contents, because he returned it to the court (see Docket No. 8) with the hand-written notation "Refusal for Cause" on each page.[1]  Despite having such notice, plaintiff failed to appear for the Scheduling Conference, failed to have his pre-scheduling conference meeting with defense counsel, and failed to submit the requisite proposed Scheduling Order and Confidential Settlement Statement.

Consequently, on February 9, 2007, this court issued an Order to Show Cause in which the plaintiff was directed to appear in person at a Show Cause Hearing on March 9, 2007, at 11:00 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b).  (Docket No. 18). Plaintiff was advised in bold letters that "**[f]ailure to so appear may very well result in the imposition of sanctions, which could include dismissal of this action**." (Docket No. 18 at 3).

A copy of that Order was sent to the plaintiff by regular mail.  The first page of that Order was returned to the court by the plaintiff with a notation on the envelope "Refused not sealed   Cannot locate 06-cv-2434 WDM-MJW #19, 22, # 21, #18." (Docket No. 24).  A Notice of Electronic Filing was also mailed to plaintiff concerning

---

[1]In this action, plaintiff has submitted to the court for filing other documents (See, e.g., Docket Nos. 15, 17, 23, and 27) with the same strange notations, but those documents are from other civil actions in which he is the defendant, Civil Action No. 05-cv-02001-WDM, United States v. Ronald R. Hoodenpyle, and Civil Action No. 05-cv-02230-WDM-BNB, United States of America v. Ronald R.  Hoodenpyle.  In the first case, a warrant was to be issued for his arrest.  In the second, a default judgment was entered against Hoodenpyle.

3

the Order to Show Cause in which it was stated that plaintiff was to return in person for the Show Cause Hearing on March 9, 2007, at 11:00 a.m. to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b). Plaintiff's copy of that Notice of Electronic Filing was not returned to the court.

Nevertheless, plaintiff failed to appear as ordered for the Show Cause Hearing. Defense counsel appeared by telephone. The court found at that time that the plaintiff had notice of the hearing, that it was sunny and clear in Denver at the time of the hearing, that the roads were clear, that there were no problems with the roads between plaintiff's location (Colorado Springs) and Denver, and that the plaintiff did not telephone the court concerning the conference, nor did he move for a continuance.

As stated in the Order to Show Cause, Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides in pertinent part that "[i]f a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). . . ." Fed. R. Civ. P. 26(f). Rule 37(b)(2)(B), (C), and (D), which is referenced in Rule 16(f), permits the following sanctions:

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding** or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(B), (C), (D) (emphasis added).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f) and 41(b) based upon the plaintiff's repeated failure to appear and failure to comply with court orders, as well as his failure to prosecute.  It is further

**RECOMMENDED** that if the above recommendation is accepted, that the United States' Motion to Dismiss (Docket No. 11) be denied as moot.  It is further

**RECOMMENDED** that the United States' Motion to Strike Plaintiff's Statement of Default Judgment (Docket No. 11) be granted, and thus the plaintiff's document entitled "Default Judgment" (Docket No. 10) be stricken as it misleadingly purports to enter default judgment against defendant Conley.[2]

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file**

_____

[2]Plaintiff sent a copy of this motion to the court with his usual "Refusal for Cause" notation written on each page.  (Docket No. 14).

written, specific objections to the above recommendation with the District Judge

assigned to the case.  The District Judge need not consider frivolous, conclusive,

or general objections.  A party's failure to file and serve such written, specific

objections waives *de novo* review of the recommendation by the District Judge,

Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives

appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of

Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411,

1412-13 (10th Cir. 1996).


Dated:          March  9, 2007              s/ Michael J. Watanabe
                Denver, Colorado            Michael J. Watanabe
                                            United States Magistrate Judge